## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

HENRY BOYCE and ANGELIQUE )
BOYCE, )
       )
       Plaintiffs, )
       )
       v. )
       )
BLENHEIM AT BAY POINTE, )
LLC., BLENHEIM HOMES, INC., )
BLENHEIM HOMES, L.P., SUDLER )     C.A. No. N14C-06-239
CONSTRUCTION LTD., THE )
LESSARD ARCHITECTURAL )
GROUP INC., JOHN F. MCLAURIN, )
JAMES A REEVES INC., )
CUSTOM SIDING OF DELAWARE )
LLC, DELMARVA ROOFING AND )
COATING INC., CARFARO INC., and )
BLENHEIM BROWN LLC, )
       )
       Defendants. )

## ORDER

1. On June 25, 2014, Plaintiffs filed a Complaint against the builders and developers of their home, alleging that certain construction and design defects caused severe water damage, structural deterioration, loss of market value, and other dangerous conditions.[1]

---

[1] Motion to Amend Complaint ¶ 1 (Trans. ID 56649099).

2. After learning the identity of the architects and one of the builders' subcontractors, Plaintiffs filed an Amended Complaint on July 10, 2014.[2] After learning the identity of four more subcontractors: James A Reeves Inc., Custom Siding of Delaware LLC ("Custom Siding"), Delmarva Roofing and Coating Inc., and Carfaro Inc, Plaintiffs filed a Second Amended Complaint on August 15, 2014.[3]

3. On January 22, 2015, Plaintiffs' counsel was informed that Custom Siding was not formed until 2010, and as such, could not have performed construction work on Plaintiffs' property.[4]

4. Plaintiffs now seek to amend their Complaint to add Stephen C. Clark d/b/a Custom Siding, as a Defendant in this matter and to change "Custom Siding of Delaware LLC," to "Custom Siding of Delaware, LLC, successor in interest to Stephen C. Clark."[5] In Plaintiffs' Motion to File Third Amended Complaint ("Motion to Amend"), Plaintiffs assert that Stephen C. Clark ("Clark"), principal of Custom Siding, had being doing business as Custom Siding since 2010, and was the individual who performed the siding and roofing work on the subject property.[6] Specifically, Plaintiffs point to the Blenheim Defendants' response to Plaintiffs'

---

[2] *Id.* ¶ 2.
[3] *Id.* ¶ 3.
[4] *Id.* ¶ 4.
[5] *Id.* ¶ 7.
[6] *Id.* ¶ 5.

first set of interrogatories, which identifies Clark as the individual who did, and/or was responsible for, much of the allegedly defective work.[7]

5. On February 4, 2015, Custom Siding filed a response to Plaintiffs' Motion to Amended.[8] In opposition, Custom Siding submitted an affidavit from Clark in which Clark avers that he did not perform any of the allegedly defective work. Custom Siding also argues that the statute of limitations bars Plaintiff's Motion to Amend.[9]

6. Pursuant to Superior Court Civil Rule 15(a), after a responsive pleading has been filed, a plaintiff  may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.[10] A motion for leave to amend is within the sound discretion of the court.[11] "Leave of court should be freely given unless there is evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, prejudice, futility, or the like."[12]

7. After the statute of limitations for a proposed claim has expired, the Court may grant a motion for leave to amend or add a complaint if permitted under the

---

[7] Plaintiffs' Motion for Leave to File Reply in Further Support of Plaintiffs' Motion for Leave to Amend the Complaint ¶ 3, Ex. A ("Pls.' Resp.") (Trans. ID 56719054).

[8] Defendant Custom Siding of Delaware LLC's Response to Plaintiffs' Motion to Amend Complaint (Trans. ID. 56716780).

[9] *Id.* ¶¶ 4–7.

[10] Del. Super. Ct. Civ. R. 15(a).

[11] *E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 2008 WL 555919, at *1 (Del. Super. 2008).

[12] *Legatski v. Bethany Forest Assoc., Inc.*, 2005 WL 2249598, at *1 (Del. Super. 2005).

relation-back provision of Rule 15(c).[13] Rule 15(c)(3) requires the proposed claim relate back to the same conduct, transaction, or occurrence described in the original complaint.[14]

8. Given the early stage of this litigation, and in light of the disputed facts with regard to what extent Clark and Custom Siding performed work on the subject property, the Court will grant Plaintiffs' Motion to Amend. Additionally, assuming arguendo the statute of limitations has expired, Plaintiffs' proposed amendment relates back to the original pleading in compliance with Rule 15.

**WHEREFORE, IT IS HEREBY ORDERED**, this 1st day of April, 2015, that Plaintiffs shall be granted leave to file a Third Amended Complaint.

_____
Jan R. Jurden, President Judge

---

[13] Del. Super. Ct. Civ. R. 15(a); *Mills v. J.E.M. Enterprises, Inc.*, 2014 WL 6674722, at *1 (Del. Super. 2014).

[14] Del. Super. Ct. Civ. R. 15(a)(3).